Zheng "Andy" Liu (SBN 279327)
Jingyi Guo (SBN 335448)
1660 S Amphlett Blvd Suite 315
San Mateo, CA 94402
Telephone: 650.475.6289
Facsimile: 510.987.8411
Email: Andy.liu@aptumlaw.us
*Attorneys for Plaintiff Weijie Zhong*
.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEIJIE ZHONG, an individual<br><br>Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Civil Case No: _____<br><br>USCIS Case Nos.:<br><br>WAC-18-235-51142 (I-751)<br><br>IOE-97-583-08018 (N-400)<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT** |

**INTRODUCTION**

1.      This case arose out of the U.S. Citizenship and Immigration Services ("USCIS")'s arbitrary, incorrect denials of Plaintiff Weijie Zhong's (A) Petition to Remove Conditions on Residence (Form I-751) and (B) Application for Naturalization (Form N-400).

2.      After receiving her two-year conditional residency based on her marriage with her husband Mr. Jason Tang, Plaintiff timely petitioned—jointly with Mr. Tong—to remove the condition on her conditional residency.

3.      The USCIS, however, ***mistakenly believed*** that Plaintiff had divorced and petitioned based a good faith waiver. *See* 8 CFR § 1216.5 (a)(1)(ii), a conditional resident may remove the condition even if the marriage upon which her status was based was entered into in good faith by the conditional resident alien, but the marriage was terminated other than by death).

4.      Based on this mistaken belief, the USCIS required Plaintiff to attend an in-person interview for her Form I-751 petition.

5.      But due to USCIS Santa Ana field office's ***repeated disclosures*** caused by the Covid-19 office shutdown, the ever-changing Covid-19 quarantine requirement, the 2020 presidential election, Plaintiff and Mr. Tang went to her in-person interview ***three times—but was refused entry each time***.

6.      Oddly enough, the USCIS successfully interview Plaintiff in-person at its San Diego field office for Plaintiff's application for naturalization and, after the interview, found that Plaintiff met all requirements for naturalization, except that Plaintiff's I-751 petition needed to be approved first.

7.      Before Plaintiff could attempt to reschedule her I-751 interview for the fourth time, on May 6, 2021, the USCIS suddenly denied her Petition to Remove Conditions on Residence (Form I-751), stripping Plaintiff of not only her green card, but also any legal status in the United States.  The USCIS stated that Plaintiff were subject to removal from the United States.

8.      Seven days later, on May 13, 2021, the USCIS denied Plaintiff's Application for Naturalization (Form N-400), reasoning that Plaintiff had no legal status any more due to her earlier I-751 denial.

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

9.      Facing grave immigration consequences, Plaintiff petitions this Court for relief from the USCIS' arbitrary and incorrect denials of Plaintiff's (A) Petition to Remove Conditions on Residence (Form I-751) and (B) Application for Naturalization (Form N-400).

10.      With this Court's assistance, Plaintiff hopes to gain her permanent residency and become a proud citizen of the United States.

## PARTIES

11.      Plaintiff Wejie Zhong is a citizen of China, residing in Santa Ana, Orange County, California.

12.      Plaintiff earned her Bachelor of Art degree in Business Administration from the prestigious University of British Columbia in Vancouver, Canada in 2015.

13.      Before the USCIS incorrectly denied her (A) Petition to Remove Conditions on Residence (Form I-751[1]) and (B) Application for Naturalization (Form N-400), Plaintiff founded her own fashion company (the LuLu Fashion Studio) and also worked as a business development director at the Hua Han International Culture Development company.

14.      Defendant USCIS is a component of the Department of Homeland Security, 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). The USCIS is responsible for adjudicating immigration benefits, including petitions to remove condition on residency and application for naturalization.

## JURISDICTION AND VENUE

15.      This case arises under the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1101 et seq. and the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq.

16.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and relief under the APA. There exists between the parties an actual and justiciable controversy over which Plaintiff seeks

---

[1] A true and correct copy of Plaintiff's expired conditional residency card is provided as **Exhibit A** attached to this Complaint.

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

declaratory relief to protect its legal rights. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

17.     Venue is proper in this District under 28 USC §1391(e), because a substantial part of the events and omissions giving rise to the claim occurred in this District (e.g., Santa Ana, California), and because Plaintiff resides in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.     The USCIS' (A) May 6, 2021 denial of Plaintiff's Petition to Remove Conditions on Residence (Form I-751) and (B) May 13, 2021 denial of Plaintiff's Application for Naturalization (Form N-400) constitute final agency action under the APA. See 5 U.S.C. §§ 551(13); 701(b)(2); 704.

19.     Neither the INA nor implementing regulations at 8 C.F.R. § 103.3(a) require an administrative appeal of these denials. Accordingly, Plaintiff has no administrative remedies to exhaust.

20.     In the interest of amicable judicial economy, however, on June 9l 2021, Plaintiff moved to reopen and reconsider (by filing a Form I-290B) the USCIS' May 6, 2021 denial of her Petition to Remove Conditions on Residence (Form I-751).

21.     On November 9, 2021, the USCIS denied Plaintiff's motion to reopen and reconsider her Petition to Remove Conditions on Residence (Form I-751). A true and correct copy of the USCIS' denial notice of Plaintiff's motion to reopen is provided as **Exhibit E** attached to this Complaint.

22.     Plaintiff did not move to reopen the USCIS' May 13, 2021 denial of Plaintiff's Application for Naturalization (Form N-400): the USCIS' having stripped Plaintiff any legal status in the United States, Plaintiff's naturalization application had practically no chance of being approved.

## FACTS AND BACKGROUND

### A.  *Plaintiff's married Mr. Jason Tang, a U.S. citizen, in 2015*

23.     Plaintiff relocated from China to Vancouver, Canada in 2010 to study Business Administration at the University of British Columbia.

24.     Between 2010 and 2015, having a lot of personal friends in the United States, Plaintiff visited the United States from Vancouver, Canada on numerous occasions.

25.     In early 2015, Plaintiff met Mr. Jason Tang (a U.S. citizen) at a common friend's gathering in Las Vegas. Plaintiff and Mr. Tang fell in love and married each other on July 21, 2015.

26.     After their marriage, Plaintiff and Mr. Tang resided at Mr. Tang's house in Santa Ana, California. Together, Plaintiff and Mr. Tang worked hard, lived a happy life, and enjoyed the companion of each other and each other's extended families. *See* **Exhibit B**.

**B.  *Plaintiff's conditional residency was approved after an in-person interview***

27.     In or about February 2016, based on their marriage, Mr. Jason Tang (a U.S. citizen) petitioned for permanent residency for Plaintiff.

28.     After conducting an in-person interview of both Plaintiff and Mr. Tang, the USCIS approved Plaintiff conditional residency on October 13, 2016. Plaintiff's residency was a conditional one, because on October 13, 2016, Plaintiff had not married Mr. Tang for more than two years.

**C.  *Plaintiff and Mr. Tang timely and jointly petitioned to remove condition on Plaintiff's residency and the USCIS mistakenly required Plaintiff to attend an in-person interview***

29.     On or about July 20, 2018, Plaintiff and Mr. Tang filed a joint petition to remove condition on Plaintiff's conditional residency (the Form I-751).

30.     The USCIS usually takes 12-18 months to process a Form I-751. Plaintiff's case took much longer than that.

31.      While processing Plaintiff's Form I-751, the USCIS mistakenly believed that Plaintiff and Mr. Tang had divorced, and that Plaintiff was requesting a good faith waiver. *See* 8 CFR § 1216.5 (a)(1)(ii), a conditional resident may remove the condition even if the marriage upon which her status was based was entered into in good faith by the conditional resident alien, but the marriage was terminated other than by death).

32.     The USCIS' belief was incorrect because Plaintiff and Mr. Tang had not divorce and that Plaintiff was not requesting a good faith waiver.

33.     This is significant, because good faith waiver cases are almost always interviewed in-person, while regular cases (in which a petitioning conditional resident had not divorced his or her U.S. citizen spouse) usually does not require an in-person interview.

34.     Under this mistaken belief, the USCIS scheduled Plaintiff for an in-person interview, further prolonging Plaintiff's case.

### D. The four failed attempts to have the in-person interview done

#### i)   The First Failed Interview

35.     On February 28, 2020, the USCIS notified Plaintiff by mail that Plaintiff was required to attend an in-person interview on March 17, 2020 at the USCIS' Santa Ana field office (located at 34 Civic Center Plaza, Santa Ana, CA 92701).

36.     Within less than 24 hours form the March 17, 2020 in-person interview, the USCIS informed Plaintiff that her March 17, 2020 interview had been cancelled.

#### ii)   The Second Failed Interview

37.     On October 14, 2020, without any advanced notice, the USCIS notified Plaintiff by mail that Plaintiff was required to attend an in-person interview on November 6, 2020.

38.     On or about November 4, 2020, Plaintiff took excruciating efforts to return to the United States to attend this in-person interview, including making a very tight travel arrangement and paying about $10,000 for her air ticket.

39.     On November 6, 2020 (a Friday), Plaintiff and Mr. Tang timely arrived at the USCIS' Santa Ana field office for this in-person interview—were refused entry, because the USCIS claimed that Plaintiff had not completed her 14-day quarantine, since her return to the United States.

40.     The next business day, on November 9, 2020 (a Monday), Plaintiff requested, in writing, a reschedule of her November 6, 2020.

#### iii) The Third Failed Interview

41.     On or about November 9, 2020, the USCIS received Plaintiff's written request to reschedule and approved this request.

42.     On December 16, 2020, the USCIS notified Plaintiff by mail that Plaintiff was required to attend an in-person interview on January 19, 2021.

43.     On January 19, 2021, Plaintiff and Mr. Tang again timely arrived at the USCIS' Santa Ana field office for this in-person interview—only to find that the USCIS had closed its Santa Ana field office due to the January 6, 2021 capitol riot and other post-election unrest. The USCIS never notified Plaintiff of this office closure.

44.     A true and correct copy of a photo of the USCIS' closure notice shown at the entrance to the USCIS' Santa Ana field office is provided below.



45.     Plaintiff did not request a reschedule of her interview and believed that the USCIS would reschedule *sua sponte.* Because the USCIS' notice stated that "USCIS would reschedule individuals who had appointment son January 19 and 20 and send them notices with their new appointments"

    *iv) The Fourth Failed Interview*

46.     On or about March 18, 2021, the USCIS again notified Plaintiff by mail that Plaintiff was required to attend an in-person interview on April 20, 2021.

47.     On or about April 5, 2021, Plaintiff requested, in writing, a reschedule of her April 20, 2021.  Plaintiff had traveled to China at that time and had just transitioned into a new employment. Further, Plaintiff was not able to afford yet another expensive flight back to the United States, which was costing about $3,500 one way.

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

48.     the USCIS providing only a 30-day or less notice before a required interview, individuals like Plaintiff who are subjecting to the 14-day Covid-19 quarantine requirement were virtually precluded from making a legitimate travel arrangement and completing the 14-day Covid-19 quarantine requirements so that they could attend the required in-person interview.

### E.   The USCIS denied Plaintiff's Form I-751

49.     On May 6, 2021, without any notice whatsoever, the USCIS suddenly denied Plaintiff's Petition to Remove Conditions on Residence (Form I-751).  A true and correct copy of the USCIS' denial notice is provided as **Exhibit C** attached to this Complaint.

### F.   Plaintiff timely applied for naturalization

50.     Now, let us travel back in time a little bit to understand the USCIS' denial of Plaintiff's Application for Naturalization (Form N-400).

51.     While her Petition to Remove Conditions on Residence (Form I-751) was still pending, on or about July 30, 2019, Plaintiff filed her Application for Naturalization (Form N-400).

52.     On or about January 15, 2020, the USCIS conducted an in-person interview of Plaintiff at its San Diego field office (located at 325 Front Street, San Diego, CA 92101). At the conclusion of the January 15, 2020 in-person interview, the USCIS founded that Plaintiff met all requirements for naturalization, except that Petition to Remove Conditions on Residence (Form I-751) was still pending.

53.     The USCIS advised that Plaintiff wait for the outcome of her Form I-751 petition first.

54.     Between January 15, 2020 and May 12, 2021, Plaintiff waited for the USCIS to process her Form I-751 petition and the USCIS took no action on Plaintiff's Application for Naturalization (Form N-400).

55.     On May 13, 2021, without any notice whatsoever, the USCIS suddenly denied Plaintiff's Application for Naturalization (Form N-400). A true and correct copy of the USCIS' denial notice is provided as **Exhibit D** attached to this Complaint.

56.     The USCIS reasoned that because Plaintiff had lost her permanent residency status, Plaintiff's Application for Naturalization (Form N-400) could not be approved.

///

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT

## COUNT ONE

*(Arbitrary, incorrect denial of Plaintiff's Petition to Remove Conditions on Residence (Form I-751))*

57.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

58.     The USCIS's May 6, 2021 denial of Plaintiff's Petition to Remove Conditions on Residence (Form I-751) is subject to review by this Court under 5 U.S.C. §§ 701-706.45.

59.     A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

60.     First, Defendant USCIS incorrectly concluded that Plaintiff's July 20, 2018 Petition to Remove Conditions on Residence was based on a good faith waiver, which required that Plaintiff had terminated her marriage with Mr. Tang on or before July 20, 2018.

61.     The USCIS was plainly wrong: Plaintiff did not terminate her marriage with Mr. Tang on or before July 20, 2018.

62.     Second, based on this mistaken conclusion, the USCIS required Plaintiff to attend an in-person interview, but rescheduled Plaintiff's in-person interview numerous times—either on a very short notice or with no notice at all.

63.     As a threshold matter, Plaintiff should not have been ***required*** to attend an in-person interview for her Form I-751 petition to begin with, because Plaintiff did not terminate her marriage with Mr. Tang on or before July 20, 2018 and thus did not file the Petition based on a good faith wavier, as the USCIS incorrectly concluded.

64.     Next, due to the USCIS' short-fused rescheduling, *ad hoc* Covid-19 quarantine requirement, and unannounced office closures, Plaintiff was prevented from attending at least ***three*** in-person interview.

65.     The USCIS' March 18, 2021 notice to Plaintiff required Plaintiff to attend an in-person interview in about 30 days.  Plaintiff was unable to do so, because Plaintiff had traveled to China at that time and had just transitioned into a new employment. Further, Plaintiff was not able to afford yet another expensive flight back to the United States, which was costing about $3,500 one way.

66.     The USCIS' practice of providing only a 30-day or less notice before a required interview also virtually precluded individuals like Plaintiff who are subjecting to the 14-day Covid-19 quarantine requirement from making a legitimate travel arrangement and completing the 14-day Covid-19 quarantine requirements so that they could attend the required in-person interview.

67.     Without any notice whatsoever, the USCIS suddenly denied Plaintiff's Petition to Remove Conditions on Residence (Form I-751).

68.     Further, the USCIS' inconsistent interview practice led to Plaintiff's inability to attend her in-person interview.

69.     Defendant USCIS' errors, individually and in combination, were arbitrary, capricious and in violation of law. Consequently, Defendant USCIS acted arbitrarily, capriciously, and contrary to the law in violation of the APA, the INA, and the immigration regulations by denying Plaintiff's Petition to Remove Conditions on Residence (Form I-751).

**COUNT TWO**

*(Arbitrary, incorrect denial of Plaintiff's Application for Naturalization (Form N-400))*

70.     Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in all preceding paragraphs.

71.     The USCIS's May 13, 2021 denial of Plaintiff's Application for Naturalization (Form N-400) is subject to review by this Court under 5 U.S.C. §§ 701-706.45 and 8 U.S.C. §§ 310(c) and 336(a).

72.     A reviewing court shall "hold unlawful and set aside agency action . . . found to be—arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

73.     In the case of a denial of a naturalization application, a reviewing court shall "make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application."

74.     The USCIS denied Plaintiff's Application for Naturalization (Form N-400) based on the reasoning that Plaintiff had lost her permanent residency due to her May 6, 2021 Form I-751 denial.

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

75.     Here, as explained in Count One, however, the USCIS's May 6, 2021 denial of Plaintiff's Petition to Remove Conditions on Residence (Form I-751) was arbitrary and incorrect.

76.     Defendant USCIS' errors, individually and in combination, were arbitrary, capricious and in violation of law. Consequently, Defendant USCIS acted arbitrarily, capriciously, and contrary to the law in violation of the APA, the INA, and the immigration regulations by denying Plaintiff's Application for Naturalization (Form N-400).

## PRAYER FOR RELIEF

Plaintiff Wejie Zhong asks this Court to grant the following relief:

a.    vacate the denial of Plaintiff Cheng's Plaintiff's Petition to Remove Conditions on Residence (Form I-751) within ten days of the date of the Court's Order;

b.    vacate the denial of Plaintiff's Application for Naturalization (Form N-400) within ten days of the date of the Court's Order;

c.    grant Plaintiff's Application for Naturalization (Form N-400);

d.    award reasonable costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

e.    grant such other relief as the Court may deem just and proper.

Dated:  December 16, 2021                    Respectfully submitted,

                                              By  _____
                                                    Zheng "Andy" Liu
                                                    Attorneys for Plaintiff
                                                    Weijie Zhong

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A



**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT**







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT**

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Santa Ana Field Office*
34 Civic Center Plaza
Santa Ana, CA 92701



**U.S. Citizenship
and Immigration
Services**

Weijie Zhong
2521 W. Sunflower Ave. Apt- S8
Santa Ana, CA  92704

Date:  MAY  0 6 2021

Re:   A214-038-920
      WAC-18-235-51142(I-751)

### DENIAL OF FORM I-751
### TERMINATION OF CONDITIONAL RESIDENT STATUS

Dear Weijie Zhong:

A review of the records of U.S. Citizenship and Immigration Services (USCIS) reveals that you obtained the status of a conditional permanent resident on October 13, 2016.

In accordance with the provisions of section 216(c) of the Immigration and Nationality Act, as amended (INA), you and your spouse, Jason Tang, through whom you obtained conditional permanent residence, were required to file a joint petition within the 90-day period immediately preceding the second anniversary of your obtaining permanent residence, requesting removal of the conditional basis of your residence.

On July 20, 2018, you and your spouse filed Form I-751 in accordance with INA 216(c)(4)(B) on the grounds that you entered into the marriage in good faith.

USCIS may require any applicant, petitioner, sponsor, beneficiary, or individual filing a benefit request to appear in person for an interview. See INA 216(c)(1), INA 216(d)(3), and Title 8, Code of Federal Regulations (8 C.F.R.), 103.2(b)(9).

On February 28, 2020, USCIS sent you a request to appear for an interview at the USCIS Santa Ana Field Office. You were instructed to appear for a personal interview on March 17, 2020. However, on March 16, 2020, due to unforeseen circumstances, USCIS had to cancel the previously scheduled interview. On October 14, 2020, USCIS sent you a second request to appear for a personal interview on November 6, 2020. On November 9, 2020, USCIS received a letter from your representative requesting to reschedule and rearrange your interview from November 19, 2020 to about November 25, 2020, since you had traveled outside the United States and you needed to self-quarantine for 14 days. Additionally, he stated that you were planning to go back to China to work for a short time. His request to reschedule your interview was approved. On December 16, 2020, USCIS sent you a third request to appear for a personal interview on January 19, 2021. You failed to appear at the interview on January 19, 2021. Moreover, USCIS did not receive a request to reschedule your appointment. Yet again, on March 18, 2021, USCIS sent you a fourth request to appear for a personal interview on April 20, 2021. On April 5, 2021, USCIS received a letter from your representative requesting to reschedule your interview to the period of around June or July 2021. The reason he provided was that you have travelled overseas and due to COVID-19 you were unable to return to the United States. Your representative's request was not supported by corroborating evidence. This request to reschedule your interview to June or July of 2021 was denied.

Any person required to appear for an interview may, before the scheduled date and time of the appearance, either: appear before the scheduled date and time; for good cause, request that the appointment be rescheduled; or withdraw the benefit request. See 8 C.F.R. 103.2(b)(9).

Unless there is good cause shown, failure to appear at the interview shall result in the termination of the conditional permanent resident's status as of the second anniversary of the alien's lawful admission for

File:  A214-038-920
WAC-18-235-51142 (I-751)
    Page 2 of 2

permanent residence. See INA 216(c)(2)(A). See also 8 C.F.R. 103.2(b)(13)(ii), which states that failure to appear shall constitute an abandonment of the beneficiary request, unless by the appointment time USCIS has received a change of address or rescheduling request that the agency concludes warrants excusing the failure to appear.

You failed to appear at the interviews on November 6, 2020, January 19, 2021, and April 20, 2021, and you did not establish prior to the interview good cause for your failure to appear. Therefore, your Form I-751 is deemed abandoned and denied. See 8 C.F.R. 103.2(b)(13).

Your conditional permanent resident status is terminated as of May 5, 2021. All rights and privileges which you derived from that status, including the right to work in the United States, are terminated. See INA 216(c)(2)(A) and 8 C.F.R. 216.3.

This decision may not be appealed to USCIS. However, if you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may submit a motion to reopen or a motion to reconsider by completing a Form I-290B, Notice of Appeal or Motion. A motion to reopen must state the new facts to be considered and must be supported by affidavits or other new documentary evidence. A motion to reopen a petition denied due to abandonment must be filed with evidence the decision was in error because: (i) The requested evidence was not material to the issue of eligibility; (ii) The required initial evidence was submitted with the petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or (iii) The request for additional information or appearance was sent to an address other than that on the petition or notice of representation, or that the petitioner advised USCIS, in writing, of a change of address or change of representation subsequent to filing and before USCIS' request was sent, and the request did not go to the new address.

If you choose to file Form I-290B, USCIS must receive the form within 33 days from the date of this notice. You must send the completed Form I-290B and supporting documentation with the filing fee to the appropriate Lockbox. Do not send the form directly to this office. To obtain Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 C.F.R. 103.3 or 103.5 or call the USCIS Contact Center at 1-800-375-5283.

You must immediately mail your Permanent Resident Card to USCIS at the address listed at the top of this notice. You may request a review of this decision before an Immigration Judge. See 8 C.F.R. 216.5(f). You may be represented in removal proceedings, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before USCIS. Such counsel may assist you in the preparation of your request for review and hearing and may examine the evidence upon which this determination is based. If you desire a review of the determination in a removal hearing, you should present any affidavits or other evidence which you desire to have considered at such hearing. If any document is in a foreign language, you should bring the original and a certified translation thereof. If you wish to have testimony of witnesses considered at the hearing, you should arrange to have such witnesses present at the hearing.

Sincerely,

Trung Vo
Acting Field Office Director
Signed for by:
SAA ISO 2043

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D

COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT

May 13, 2021

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
34 Civic Center Plaza
Santa Ana, CA 92701



**U.S. Citizenship and Immigration Services**

WEIJIE ZHONG
2521 W SUNFLOWER AVE UNIT S8
SANTA ANA, CA 92704-7528
USA



IOE9758308018

RE: WEIJIE ZHONG
N-400, Application for Naturalization



A214-038-920

<u>**DECISION**</u>

Dear WEIJIE ZHONG:

On July 30, 2019 you filed a Form N-400, Application for Naturalization, with U.S. Citizenship and Immigration Services (USCIS) under section 319 of the Immigration and Nationality Act (INA).

After a thorough review of the information provided in your application for naturalization, the documents supporting your application, and your testimony during your naturalization interview, USCIS has determined that you are not eligible for naturalization. Accordingly, USCIS must deny your application for naturalization.

Generally, to qualify for naturalization, under INA 319, an applicant must:

- Be married to a U.S. citizen who has been a U.S. citizen during the 3 years immediately before filing Form N-400; or
- Have become a lawful permanent resident by being married to or by being the child of a U.S. citizen who battered or subjected him/her to extreme cruelty and this U.S. citizen has been a U.S. citizen during the 3 years immediately before filing Form N-400;
- Have been living in marital union with the citizen spouse during the 3 years immediately before filing Form N-400; except if he/she has been battered or subjected to extreme cruelty by his/her U.S. citizen spouse or parent;
- Be lawfully admitted for permanent residence;
- Be a lawful permanent resident for at least 3 years at the time of filing Form N-400;
- Have resided continuously in the United States as a lawful permanent resident for at least 3 years before filing Form N-400;
- Be physically present in the United States for at least 1½ years at the time of filing Form N-400;
- Have resided continuously in the United States from the date of filing Form N-400 up to the time of administration of the Oath of Allegiance;
- Demonstrate good moral character for at least 3 years prior to the Form N-400 filing date, and during the period leading to administration of the Oath of Allegiance;
- Have resided for at least 3 months in the State or USCIS District where residency is claimed before filing Form N-400;
- Demonstrate a basic knowledge of U.S. history and government;

AN400FODN40000917941703 (COURTESY COPY)                    1 of 4                                    www.



- Demonstrate the ability to read, write, and speak words in ordinary usage in the English language; and
- Establish an attachment to the principles of the U.S. Constitution and be disposed to the good order and happiness of the United States.

### Statement of Facts and Analysis Including Ground(s) for Denial

On October 13, 2016 you obtained conditional permanent resident status through your spouse in immigrant classification CR6. USCIS received your Form N-400 on July 30, 2019 and on January 15, 2020 you appeared for an interview to determine your eligibility for naturalization.

During a review of your record, USCIS determined that you are not a lawful permanent resident. The record reflects that on May 5, 2021 your conditional permanent resident status was terminated because the petition to remove condition on residence, Form I-751, that you filed was deemed as abandoned and denied.

To qualify for naturalization under INA 319, you must demonstrate that you meet all the requirements for naturalization including the requirement of being a lawful permanent resident. You have not demonstrated that you are a lawful permanent resident and, therefore, are ineligible for naturalization. See INA 318.

If you believe that you can overcome the grounds for this denial, you may submit a request for a hearing on Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings, within 30 calendar days of service of this decision (33 days if this decision was mailed). See attached 8 CFR 336.2 (a) and 103.8(b). Without a properly filed Form N-336, this decision will become final. See INA 336.

For questions about your application, you can use our many online tools (www.uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting www.uscis.gov/contactcenter.

Sincerely,

Trung Vo
Director

cc: LAW OFFICES OF PU HUANG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

**COMPLAINT FOR DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION UNDER THE
ADMINISTRATIVE PROCEDURE ACT**

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
*Santa Ana Field Office*
34 Civic Center Plaza
Santa Ana, CA 92701



U.S. Citizenship
and Immigration
Services

Date: NOV 0 4 2021

Weijie Zhong
2521 W. Sunflower Ave, Apt S8
Santa Ana, CA  92704

Re: IOE-09-12-202713 (I-290B)

## MOTION TO REOPEN AND MOTION TO RECONSIDER

**FILE:**  A214038920

**REQUESTER (filed Form I-290B):**  Weijie Zhong

**I-290B RELATES TO RECEIPT:**  WAC-18-235-51142 (Form I-751)

**ORDER:**  The applicant's Form I-290B, Motion to Reopen and Motion to Reconsider, received by USCIS on June 9, 2021, is dismissed.

**DISCUSSION:**  On July 20, 2018, the applicant, Weijie Zhong, and spouse, Jason Tang, filed Form I-751 Petition to Remove Conditions, in accordance with INA 216(c)(1)(A). Pursuant to section 216(c)(1)(B), INA 216(d)(3) and Title 8 Code of Federal Regulations (8 C.F.R.) 103.2(b)(9) the applicant and spouse were required to appear in person for an interview. On May 6, 2021, USCIS deemed the applicant's Form I-751 abandonedand denied it, under 8 C.F.R. 103.2(b)(13), as the applicant failed to appear in person for an interview as requested and failed to establish good cause for the failure to appear. On June 9, 2021, the applicant timely filed a Form I-290B, Motion to Reopen and Motion to Reconsider.

*Motion to Reopen*

A motion to reopen must state new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:

(i)      The requested evidence was not material to the issue of eligibility

(ii)     The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or

(iii)    The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

See Title 8, Code of Federal Regulations (8 C.F.R.), §103.5(a)(2).

*Motion to Reconsider*

Re:  A214 038 920
     IOE0912202713(I-290B)
     Page 2 of 2

A motion to reconsider must state the reasons for reconsideration and be supported by any
pertinent precedent decisions to establish that the decision was based on an incorrect
application of law or Service policy. A motion to reconsider a decision on an application or
petition must, when filed, also establish that the decision was incorrect based on the evidence
of record at the time of the initial decision.

See Title 8, Code of Federal Regulations (8 C.F.R.), §103.5(a)(3).

A motion that does not meet applicable requirements shall be dismissed. See 8 C.F.R. §103.5(a)(4).

In a brief accompanying the applicant's Form I-290B, counsel argued that the Acting Field Office Director
abused his discretion unfairly, and cruelly denied the applicant's case. Also, counsel argued that the case was not
decided according to its merits, but that the case was solely decided due to beneficiary's interview rescheduling
requests. Additionally, counsel argues that due to COVID and USCIS' own interview cancellations, his client
(the applicant) was rescheduled twice. Moreover, he argues that his client only asked USCIS to reschedule the
interview once. Lastly, counsel argues that the denial notices mistakenly stated the facts and that USCIS took too
much time to adjudicate the case, which was initially filed on July 20, 2018.

The record has been carefully reviewed and USCIS do not find the applicant's representative's arguments
overcome the Services' decision to deny. USCIS acknowledge having to cancel the applicant's scheduled
interview twice, for unforeseen circumstances that were beyond USCIS' control, on March 17, 2020, and on
January 19, 2021. USCIS also acknowledge that the applicant established good cause to reschedule the
interview from November 6, 2020, as the applicant was required to quarantine for 14 days after returning from
foreign travel on November 4, 2020. However, the applicant failed to establish good cause for the subsequent
request to reschedule the interview from April 5, 2021 to June or July of 2021.

**CONCLUSION:**  The record has been carefully reviewed. The applicant's motion to reopen and motion to
reconsider are dismissed. The denial of the applicant's Form I-751, dated May 6, 2021, will not be disturbed.

**ORDER**: The applicant's motion is dismissed.

Respectfully,

Trung Vo
Field Office Director
SAA ISO: 2043

CC: Pu Huang